IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE HIRSCHHORN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHURCH & DWIGHT CO., INC. | : | NO. 10-cv-1156-JF |

| | | |
|---|---|---|
| SAN FRANCISCO TECHNOLOGY, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHURCH & DWIGHT CO., INC. | : | NO. 10-cv-3918-JF |

MEMORANDUM

Fullam, Sr. J.                                             April 6, 2011


        Plaintiffs filed two separate *qui tam* relator suits

against defendant Church & Dwight alleging violations of the

false patent marking statute, 35 U.S.C. § 292.  Plaintiff Jane

Hirschhorn, who filed suit in this Court on March 17, 2010,

alleges that Church & Dwight falsely marked its toothpaste

products with expired U.S. Patent No. 4,891,211 ("the '211

Patent").  Plaintiff San Francisco Technology originally filed

suit against several companies in the Northern District of

California on March 5, 2010; on August 5, 2010, the Northern

District of California issued an order severing San Francisco

Technology's claims against Church & Dwight and transferring the

action to this Court.  San Francisco Technology also alleges that

Church & Dwight falsely marked its toothpaste products with the

expired '211 Patent.  Church & Dwight have moved to dismiss both actions, arguing that only one *qui tam* relator can bring suit based on the alleged '211 Patent false marking and that neither plaintiff has adequately pleaded a cause of action.

The false marking statute prohibits the marking of unpatented articles with "the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public."  35 U.S.C. § 292(a).  The Federal Circuit recently held that "articles marked with expired patent numbers are falsely marked."  Pequignot v. Solo Cup Co., 608 F.3d 1356, 1362 (Fed. Cir. 2010).  The statute includes a *qui tam* provision that allows "any person [to] sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."  Id. § 292(b).

In this case, Ms. Hirschhorn and San Francisco Technology both allege that Church & Dwight falsely marked its toothpaste products with the same expired patent.  San Francisco Technology argues that Ms. Hirschhorn lacks standing as a *qui tam* relator because San Francisco Technology was the first to file suit with regard to the expired '211 Patent.  In response, Ms. Hirschhorn argues that she has standing because her suit is not "substantially similar" to that of San Francisco Technology, as her complaint has identified the toothpaste products at issue with more specificity.

A *qui tam* relator sues as a "partial assignee of the United States" by bringing suit on behalf of the government in return for the right to part of the government's damages award. Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 774 n.4 (2000). Once a relator has been assigned the right to sue by being the first to file a *qui tam* relator suit, the government can no longer assign that right to sue to others. Cf. United States v. B.F. Goodrich Co., 41 F. Supp. 574, 575 (S.D.N.Y. 1941) (reasoning that only the first relator to file suit can maintain a *qui tam* action because the damages award can only be divided between the first relator and the government, with all others excluded). Based on the foregoing, I agree that Ms. Hirschhorn lacks standing, as the right to sue based on the '211 Patent had already been assigned to San Francisco Technology by the time Ms. Hirschhorn filed her complaint on March 17, 2010.

Ms. Hirschhorn relies on Shizzle Pop, LLC v. Wham-O, Inc., No. CV 10-3491, 2010 WL 3063066 (C.D. Cal. Aug. 2, 2010), in arguing that the greater specificity with which she identifies the alleged falsely marked products in her complaint renders it sufficiently different from that of San Francisco Technology to allow her suit to proceed. In Shizzle Pop, the court found that dismissal of the plaintiff's false marking case was not warranted on the basis of a complaint having been filed in another district court alleging false marking of the same product at issue in the

3

plaintiff's complaint, though with a different patent.  <u>Id.</u> at

*2.  Based on that factual distinction, the court concluded that

the two cases were dissimilar enough that the case in the other

district would not prevent plaintiff's suit from going forward.

However, Ms. Hirschhorn's reliance on <u>Shizzle Pop</u> is misplaced,

because the two complaints in that case dealt with different

patents, and also because the <u>Shizzle Pop</u> court was discussing

the "first-filed" rule, where as a matter of comity, one district

court will refrain from deciding a case if another district court

already has a case dealing with the same subject matter, rather

than the "first-to-file" rule for *qui tam* relator standing.  Ms.

Hirschhorn's complaint will be dismissed with prejudice.

        As for San Francisco Technology's complaint, I conclude

that San Francisco Technology has failed to plead adequately that

Church & Dwight acted with "intent to deceive the public."  In <u>In</u>

<u>re BP Lubricants USA Inc.</u>, Misc. No. 960, 2011 WL 873147, at *2

(Fed. Cir. Mar. 15, 2011), the Federal Circuit held that a false

marking claim has to be pleaded under the heightened pleading

standard of Federal Rule of Civil Procedure 9(b), and that

although intent may be pleaded based on "information and belief,"

the plaintiff must still allege enough underlying facts such that

the court is able to reasonably infer the required intent, <u>see</u>

<u>id.</u> at *3.  In order to warrant an inference that a defendant

acted with "intent to deceive the public," the plaintiff must

plead facts that would reasonably give rise to an inference that the defendant had "a purpose of deceit, rather than simply knowledge that a statement is false." Pequignot, 608 F.3d at 1363. Here, San Francisco Technology alleges that Church & Dwight made decisions to create new packaging for the toothpaste products after the '211 Patent expired, thereby "falsely mark[ing] its products with intent to deceive the public." San Francisco Tech. Compl. ¶ 70. This is a conclusion, without sufficient facts to support an inference that Church & Dwight was aware of the patent's expiration, or acted with "a purpose of deceit," as the allegations could just as easily support a finding that Church & Dwight acted negligently. San Francisco Technology's complaint will be dismissed without prejudice with leave to amend.

Appropriate orders will be entered in the above-captioned cases.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.