United States District Court
Eastern District of Pennsylvania, Philadelphia Division

| | |
|---|---|
| San Francisco Technology Inc.<br><br>    Plaintiff<br><br>vs.<br><br>Church & Dwight Co. Inc.<br><br>    Defendant | Civil Action No. 2:10-cv-03918-JF |

## First Amended Complaint

Plaintiff San Francisco Technology Inc. ("SF Tech") files this First Amended Complaint against defendant Church & Dwight Co. Inc. ("Church & Dwight") and alleges as follows:

### Nature of Action

1.  This is a *qui tam* action for false patent marking. Church & Dwight has falsely marked products with intent to deceive the public in violation of 35 U.S.C. § 292 and must be civilly fined for each offense. The statute provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense.

### Parties

2.  Plaintiff San Francisco Technology is a Delaware corporation with its principal place of business in San Jose, California.

3.  Upon information and belief, Church & Dwight is a Delaware business entity with a principal place of business at 469 N Harrison St, Princeton NJ 08543.

### Jurisdiction & Venue

4.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

5. Venue was appropriate under 28 U.S.C. §§ 1391(b) and 1395(a) in the Northern District of California, where this case was originally filed. This case was transferred to this District at Church & Dwight's request under 28 U.S.C. § 1404.

6. This court has personal jurisdiction over Church & Dwight. Church & Dwight has appointed an agent for service of process in California: National Registered Agents Inc., 2875 Michelle Dr Ste 100, Irvine CA 92606. Church & Dwight has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Such sales are substantial, continuous, and systematic.

## Count 1: False Patent Marking

7. SF Tech incorporates by reference all prior allegations.

8. Church & Dwight claims it is a "leading consumer packaged goods compan[y]" and is "the leading U.S. producer of sodium bicarbonate, popularly known as baking soda."[1] Church & Dwight identifies itself in its public advertising, on its website, as an industry leader always looking to "launch a robust pipeline of new product innovations."[2]

9. In 2003, Church & Dwight acquired Unilever's oral care business and its product lines, which included the Mentadent brand and related products and patents.[3] At the time of the acquisition, and as part of its acquisition due diligence, Church & Dwight informed itself of the patents associated with Mentadent and knew when they would expire. Specifically, Church & Dwight was aware that, as part of the Mentadent acquisition, it was obtaining rights to U.S. Patents numbered 5,020,694 and 5,038,963.

10. Mindful of the patent expiration dates, Church & Dwight has made regular accounting entries for each year of life of the patents. Both U.S. Patents 5,020,694 and 5,038,963 expired no later than 3/17/2009. Church & Dwight determined the expiration date of

---

[1] Company History, http://www.churchdwight.com/Company/index.asp (last visited April 18, 2011)
[2] Church & Dwight Reports 2010 Results, http://investor.churchdwight.com/phoenix.zhtml?c=110737&p=irol-newsArticle&t=Regular&id=1526173& (last visited April 18, 2011)
[3] Company History, http://www.churchdwight.com/Company/index.asp (last visited April 18, 2011)

each patent and repeatedly made entries in its books that reflected the remaining life of the patent — and made a final entry when the patent expired.

11. In 1990, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 4,891,211. At the time of issuance, and as part of its due diligence, Church & Dwight informed itself of when that patent would expire.

12. Mindful of the patent expiration dates, Church & Dwight has made regular accounting entries for each year of life of the patents. U.S. Patent No. 4,891,211 expired no later than 6/30/2008. Church & Dwight determined the expiration date of each patent and repeatedly made entries in its books that reflected the remaining life of the patent — and made a final entry when the patent expired.

13. Church & Dwight makes and sells Mentadent toothpaste and Arm & Hammer toothpaste.

14. Despite knowing that the expired patents had expired, Church & Dwight made a conscious decision to advertise to the consuming public that its products were protected by the expired patents by placing patent markings on the product packaging. For example, the packages for the Mentadent toothpaste products were marked: "One or more of the following patents may apply: Patent Nos. 5,020,694; 5,038,963; 5,059,417; 5,085,853; 5,289,949; 5,372,803; 5,456,902; 5,616,313; 5,632,972; 5,645,193". The Mentadent toothpaste products marked in this manner included varieties of Mentadent toothpaste products that were also labeled "Extra Whitening". Similarly, Church & Dwight made a conscious decision to advertise to the consuming public that its Arm & Hammer toothpaste was subject to "U.S. Patent #4,891,211/5,424,060" by placing such markings on the products to be sold — thereby marking it with expired patents. The Arm & Hammer toothpaste products marked in this manner included varieties of Arm & Hammer toothpaste that were also labeled Complete Care and Peroxi-Care. By placing such markings on the products to be sold, Church & Dwight advertised to the public that the products were protected by each marked patent.

15. The statements identified above, which identify the products as protected by those

patents, were false.  U.S. Patents Nos. 5,020,694, 5,038,963, and 4,891,211 expired no later than 3/17/2009, 3/17/2009, and 6/30/2008, respectively.  SF Tech does not allege that Church & Dwight marked any Mentadent product in this manner before March 2009.  SF Tech does not allege that Church & Dwight marked any Arm & Hammer toothpaste product in this manner before June 2008.

16.     The facts constituting the circumstances of the alleged fraud are particularly within Church & Dwight's knowledge or readily obtainable by it.  However, there are known facts, as alleged herein, from which one may reasonably infer that Church & Dwight intended to deceive the public when it chose to mark its products with expired patent numbers.

17.     Church & Dwight spends significant time, money and effort in advertising its products,  both in the packaging and labeling of its products as well as on its website, all of which is directed to the consuming public in an effort to promote Church & Dwight's products, emphasize desirable product qualities, and arouse in consumers a desire to buy.

18.     Church & Dwight makes conscious decisions with regard to its product packaging in terms of what to include or exclude.  The Mentadent toothpaste and Arm & Hammer toothpaste product packaging is limited in terms of space; therefore, Church & Dwight must carefully choose what information to include in this form of advertising.  Church & Dwight chose to mark the products with the expired U.S. Patents Nos. 5,020,694, 5,038,963, and 4,891,211 after those patents had expired.

19.     Church & Dwight elected to advertise expired patents on its Mentadent toothpaste and Arm & Hammer toothpaste products in order to induce the public to believe its Mentadent toothpaste and Arm & Hammer toothpaste products were covered by patent protection and therefore more desirable, exclusive, or innovative.

20.     Church & Dwight is aware of the actual and perceived value of offering for sale a patented product and heavily promotes itself as an innovator and patent holder, emphasizing on its website that "we will continue to leverage the strength of our diverse product portfolio, consisting of both leading premium brands and value brands, maintain tight cost controls, and

launch a robust pipeline of new product innovations."[4]

21. Additionally, Church & Dwight advertises and represents to the public that it aggressively monitors its patents and intellectual property portfolio, for example, trumpeting a $27 million settlement of its lawsuit against Abbot Laboratories for patent infringement.[5]

22. Church & Dwight advertises and represents to the public that "The Company's Consolidated Financial Statements have been prepared in accordance with accounting principles generally accepted in the United States of America (GAAP)."[6] As part of its financial statements, Church & Dwight accounts for the amortization of intangible assets, including patents.[7] Pursuant to GAAP, patents are intangible assets that should be amortized. GAAP requires that the cost of an intangible asset be amortized over the useful life of that asset. To comply with GAAP, Church & Dwight determined the expiration date of each patent and repeatedly made entries in its books that reflected the remaining life of the patent — and made a final entry when the patent expired.

23. In connection with its financial accounting, Church & Dwight determined that U.S. Patents Nos. 5,020,694, 5,038,963, and 4,891,211 expired no later than 3/17/2009, 3/17/2009, and 6/30/2008, respectively, and actively tracked the remaining life of each patent until its expiration.

24. Church & Dwight was aware that the patents had expired and were of no further effectiveness or value, but following the expiration of the patents, chose to continue to falsely promote the Mentadent toothpaste and Arm & Hammer toothpaste products as patented on the product packaging.

25. Retail sales of Church & Dwight's Mentadent toothpaste and Arm & Hammer toothpaste products were widespread at the time SF Tech filed its original complaint in this case

---

[4] Church & Dwight Reports 2010 Results, http://investor.churchdwight.com/phoenix.zhtml?c=110737&p=irol-newsArticle&t=Regular&id=1526173& (last visited April 18, 2011) (quoting Chairman and Chief Executive Officer, James R. Craigie)
[5] *See, e.g.,* Church & Dwight Co. Inc.2009 Annual Report, page 78
[6] *See* Church & Dwight Co. Inc.2009 Annual Report, page 23
[7] *See* Church & Dwight Co. Inc.2009 Annual Report, page 61

in March 2010. At that time, packages of Mentadent toothpaste and Arm & Hammer toothpaste products were falsely marked. Such sales occurred in March 2010 — 12 months after U.S. Patents Nos. 5,020,694 and 5,038,963 had expired, and 21 months after U.S. Patents No. 4,891,211 had expired. According to employees at the Target store at 133 Serramonte Center in Daly City, California: (1) products are not carried in-store unless they sell well; (2) items with expiration dates are checked regularly and restocked; and (3) when toothpaste is on sale, the entire in-store inventory is sold out in one day. Mentadent toothpaste products found in April 2011 at the Walgreens store at 25 Point Lobos Avenue in San Francisco, California were marked with Lot number LL1006. Arm & Hammer toothpaste products found in April 2011 at the same Walgreens store were marked with Lot number LL0364. According to an employee at the Walgreens store at 1750 Noriega Street in San Francisco, California, products with expiration dates are carried for no more than a month before they are replaced.

26. Church & Dwight's Mentadent toothpaste and Arm & Hammer toothpaste products are on retailers' shelves for only a short time period, sometimes as little as one day, but no longer than one month. In light of the fact that U.S. Patents Nos. 5,020,694, 5,038,963, and 4,891,211 expired 12 months, 12 months, and 21 months, respectively, before March 2010, it is reasonable to infer that Church & Dwight falsely marked its Mentadent toothpaste and Arm & Hammer toothpaste products after the expiration of U.S. Patents Nos. 5,020,694, 5,038,963, and 4,891,211 and continued to falsely mark them in that manner for at least 12 months, 12 months, and 21 months after those patents had expired in March 2009, March 2009, and June 2008, respectively.

27. An invention disclosed in an expired patent is in the public domain. No reasonable basis exists to believe that a product can be protected by an expired patent. Church & Dwight had actual knowledge that the above patent markings were false at the time those markings were made. Church & Dwight uses patent markings in connection with its products to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Church & Dwight

falsely marked its products with intent to deceive the public.

## Demand For Judgment

SF Tech demands judgment against Church & Dwight, as follows:

1. A declaration that Church & Dwight violated 35 U.S.C. § 292.

2. An accounting of the number, sales, and revenue of all falsely marked articles.

3. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

4. A declaration that this is an exceptional case.

5. Costs, including attorney fees.

6. Any other relief the court deems appropriate.

## Demand For Jury Trial

SF Tech demands a jury trial on all issues so triable.

Date: April 26, 2011

Respectfully submitted,
     /s/ Daniel H. Fingerman
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com

Robert A. McKinley
Katherine Isard
Klehr Harrison Harvey Branzburg LLP
1835 Market St Ste 1400
Philadelphia PA  19103
Phone: (215) 568-6060
Fax:    (215) 568-6603
Email: rmckinley@klehr.com; kisard@klehr.com

Counsel for Plaintiff San Francisco Technology Inc.

## Certificate of Service

The undersigned certifies that the foregoing document was electronically filed with the Clerk of the Court, using Court's Electronic Case Filing (ECF) system.  The ECF system routinely sends a "Notice of Electronic Filing" to each attorney of record who has consented to accept this notice as service of this document by electronic means.

Date: April 26, 2011

/s/ Daniel H. Fingerman

Z:\CLIENTS\F CLIENTS\False002\Attorney_Notes\Drafts\Church & Dwight-(PA)\First Amended Complaint (C&D).doc